

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| ANGELA JAMISON, *individually and as Mother and legal guardian of L.J., a minor*, §§§§ | |
| Plaintiff, § | |
| vs. § | Civil Action No.: 5:22-01829-MGL |
| § | |
| KENNETH M. LEVINE & ASSOCIATES, LLC, and KENNETH LEVINE, §§§ | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO REMAND AND LIFTING STAY**

### I. INTRODUCTION

Plaintiff Angela Jamison (Jamison) filed this breach of contract and legal malpractice lawsuit against Defendants Kenneth M. Levine & Associates, LLC (the law firm), and Kenneth Levine (Levine) (collectively, Defendants), in the Orangeburg County Court of Common Pleas. Defendants subsequently removed the case to this Court, claiming it has jurisdiction over the matter in accordance with 28 U.S.C. § 1332.

Pending before the Court is Plaintiff's motion to remand. Having carefully considered the motion, the response, the record, and the applicable law, it is the judgment of the Court Jamison's motion will be denied. Additionally, the Court will lift the pending stay in this matter, and Jamison shall respond to Defendants' amended motion to dismiss within ten days.

## II.     FACTUAL AND PROCEDURAL HISTORY

This case arises out of Defendants' alleged failure to decline taking on Jamison's minor child, L.J.'s, medical malpractice claim before the statute of limitations expired.

Jamison is a resident of South Carolina.  The law firm operates out of Massachusetts. According to the complaint, Levine "is an attorney practicing out of the State of Massachusetts, with pro hac vice privileges in South Carolina."  Complaint ¶ 3.  An affidavit submitted by Levine attests he has lived in Massachusetts his entire life, save for a period in the 1980s when he clerked for a judge in Arizona.

Defendants filed a motion to dismiss in this matter, which it subsequently amended. Jamison filed the motion to remand, and moved to stay this case, including briefing on the motion to dismiss, until after the Court ruled on the motion to remand.  The Court granted the stay, directing Jamison to file a response to the amended motion to dismiss within ten days of any order denying the motion to remand.

Defendants subsequently responded to the motion to remand.  The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

## III.     STANDARD OF REVIEW

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district . . . where such action is pending."  28 U.S.C. § 1441(a).

Federal courts have original jurisdiction over two types of cases: federal questions under 28 U.S.C. § 1331, and diversity actions in accordance with 28 U.S.C. § 1332.  Neither party alleges the existence of a federal question, so if this case is removable, it must be under the diversity

statute. Complete diversity jurisdiction exists when the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

Section "1332 . . . requir[es] complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005).

"The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Moreover, when considering a motion to remand, the Court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1163–64 (5th Cir. 1988).

The Court is "obliged to construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (quoting *Mulcahey*, 29 F.3d at 151). "If federal jurisdiction is doubtful, a remand [to state court] is necessary.'" *Mulcahey*, 29 F.3d at 151.

**IV.     DISCUSSION AND ANALYSIS**

Jamison maintains this case lacks complete diversity because Levine is admitted to practice pro hac vice in South Carolina. Defendants insist Jamison confuses personal and subject-matter jurisdiction.

An individual's state of citizenship, for the purposes of determining diversity jurisdiction, is their domicile. *Gilbert v. David*, 235 U.S. 561, 569. "For adults, domicile is established by

physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). A person may have only one domicile. *See id.* (explaining "'domicile' is not necessarily synonymous with 'residence'").

The parties seem to agree Levine lives in Massachusetts. Based on his affidavit, it appears he intends to stay there. Therefore, Levine's citizenship, for the purposes of determining diversity, is in Massachusetts. That he has been admitted to practice pro hac vice in South Carolina is unimportant for the purposes of determining subject-matter jurisdiction. Accordingly, Defendants properly removed this case to this Court.

## V.     CONCLUSION

For the reasons stated above, Jamison's motion to remand the complaint is **DENIED**. Additionally, as directed in the Court's prior text order, the stay in this matter is **LIFTED** and Jamison shall respond to Defendants' amended motion to dismiss within ten days of this order. Also within ten days of this order, the parties shall confer and submit a proposed joint amended scheduling order.

   **IT IS SO ORDERED.**

Signed this 17th day of October 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE
