

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| ANGELA JAMISON, *individually and as Mother and legal guardian of L.J., a minor*, Plaintiff, | § § § § |
| vs. | §  Civil Action No.: 5:22-01829-MGL § |
| KENNETH M. LEVINE & ASSOCIATES, LLC, and KENNETH LEVINE, Defendants. | § § § § |

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' AMENDED PARTIAL MOTION TO DISMISS**

## I.     INTRODUCTION

Plaintiff Angela Jamison (Jamison) filed this lawsuit against Defendants Kenneth M. Levine & Associates, LLC, and Kenneth Levine (collectively, Defendants), in the Orangeburg County Court of Common Pleas.  She alleges causes of action for breach of contract, breach of contract accompanied by fraudulent acts, and legal malpractice on her own behalf and on the behalf of her minor son, L.J.  Defendants subsequently removed the case to this Court, claiming it has jurisdiction over the matter in accordance with 28 U.S.C. § 1332.

Pending before the Court is Defendants' amended partial motion to dismiss.  Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court Defendants' motion will be granted.

**II.     FACTUAL AND PROCEDURAL HISTORY**

L.J. suffered a brachial plexus injury during his birth on March 1, 2016, allegedly as a result of negligence of the hospital and its employees.  Defendants contacted Jamison and offered their legal services, which Jamison accepted.

Although the parties communicated for over two years, Defendants abruptly told Jamison on March 15, 2019, that they were no longer pursuing claims on her or L.J.'s behalf.  Soon after, Jamison learned the statute of limitations had, she believed, run on their medical malpractice claims.  She claims Defendants informed her they would no longer pursue her and L.J.'s claims more than a year after the statute of limitations expired.

Defendants filed a motion to dismiss in this matter, which it subsequently amended with the instant motion.  Jamison responded and Defendants replied.  The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

**III.     STANDARD OF REVIEW**

Although Defendants bring their motion for failure to state a claim, their ripeness arguments present an issue of justiciability under Article III of the constitution.  *See Trump v. New York*, 141 S. Ct. 530, 535 (2020) (explaining that to be justiciable under Article III, a case must be ripe, that is "not dependent on contingent future events that may not occur as anticipated, or indeed may not occur at all" (internal quotation marks omitted)).

"The doctrine of ripeness prevents judicial consideration of issues until a controversy is presented in a 'clean-cut and concrete form.'"  *Miller v. Brown*, 462 F.3d 312, 318–19 (4th Cir. 2006) (quoting *Rescue Army v. Mun. Court of L.A.*, 331 U.S. 549, 584 (1947)).  "The burden of proving ripeness falls on the party bringing suit."  *Id.* at 319.

"In evaluating the ripeness of claims for judicial review, courts must balance the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Franks v. Ross*, 313 F.3d 184, 194 (4th Cir. 2002) (internal quotation marks omitted).

The fitness prong requires "the issues [in the case to be] purely legal and . . . the action in controversy [be] final and not dependent on future uncertainties." *Miller*, 462 F.3d at 319. "The hardship prong is measured by the immediacy of the threat and the burden imposed" on the plaintiff. *Charter Fed. Sav. Bank. v. Office of Thrift Supervision*, 976 F.2d 203, 208–09 (4th Cir. 1992). "When considering hardship, [the Court] may consider the cost to the parties of delaying judicial review." *Miller*, 462 F.3d at 319.

### IV.     DISCUSSION AND ANALYSIS

As an initial matter, Defendants seek dismissal of Jamison's cause of action for breach of contract accompanied by fraudulent acts. Jamison states she consents to the dismissal of this claim without prejudice. Defendants failed to object to dismissal without prejudice in their reply. The Court will thus dismiss Jamison's breach of contract accompanied by fraudulent acts claims, both on her own behalf and on L.J.'s behalf, without prejudice.

Next, Defendants argue Jamison's other claims made on behalf of L.J. should be dismissed as unripe because the statute of limitations on L.J.'s claims has been tolled, and so has yet to expire. Jamison responds that a two-year statute of limitations applied, and thus has already expired.

The complaint fails to specify whether Regional Medical Center, where L.J. was born, is a government-funded facility, or whether Jamison would otherwise sue government defendants in an underlying action. But, it appears that in either case, the statute of limitations for L.J.'s claims has yet to expire.

Under the South Carolina Tort Claims Act (SCTCA), "[e]xcept as provided for in Section 15-3-40, any action brought [against a government defendant] is forever barred unless an action is commenced within two years after the date the loss was or should have been discovered." S.C. Code Ann. § 15-78-110. But, Section 15-3-40 provides that in SCTCA actions, the statute of limitations is tolled for minors until they reach eighteen years of age. S.C. Code Ann. § 15-3-40. Because L.J. is still a minor, it thus appears that, under the SCTCA, the statute of limitations against government defendants has yet to expire.

Likewise, for non-government defendants, the statute of limitations in medical malpractice cases is "three years from the date of the treatment, omission, or operation giving rise to the cause of action or three years from date of discovery or when it reasonably ought to have been discovered, not to exceed six years from date of occurrence, or as tolled by this section." S.C. Code Ann. § 15-3-545(A). Under that section, if the person entitled to bring a medical malpractice action is a minor at the date that statute of limitations begins to run, the statute of limitations may be tolled for up to seven years. § 15-3-545(D).

The treatment, omission, or operation giving rise to L.J.'s claims both occurred and were discovered at his birth on March 1, 2016, less than seven years ago. Therefore, the statute of limitations for any of L.J.'s claims against non-government defendants is also unexpired.

Jamison has failed to plead facts that indicate L.J.'s medical malpractice claims are in fact barred by the South Carolina statute of limitations. Because of this, Jamison's claims in this case made on behalf of L.J. appear reliant on future contingencies and therefore unfit for judicial decision. And, there is little hardship to Jamison. In fact, that L.J. may still have the opportunity to bring his medical malpractice claims will benefit him.

Jamison's claims made on L.J.'s behalf are thus unripe at this time. But, Jamison's claims made on her own behalf are justiciable.

## V.     CONCLUSION

For the reasons stated above, Defendants' amended motion to dismiss is **GRANTED**. Jamison's breach of contract accompanied by fraudulent acts claim and all claims made on behalf of L.J. are **DISMISSED WITHOUT PREJUDICE**. If claims on L.J.'s behalf become ripe, Jamison may move to amend the complaint at that time.

**IT IS SO ORDERED.**

Signed this 6th day of December 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

5